<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AYT DOGAL URUNLER TİC.LTD.STI., | : | **Civil Action No. 25-18258 (SRC)** |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| GURME212 USA INC, LEVENT | : |  |
| DEMIRGIL, MEHMET FADILLIOGLU, | : |  |
| and MUSTAFA ASKINGUZEL, | : |  |
|  | : |  |
| Defendant(s). | : |  |

**CHESLER, District Judge**

This matter comes before the Court by way of Defendant Levent Demirgil's ("Defendant") Motion to Dismiss the Amended Complaint (the "Motion"), (Dkt. No. 9).  Plaintiff AYT Dogal Urunler Tic. Ltd. Sti. ("Plaintiff") opposed the motion, (Dkt. No. 11), and Defendant filed a reply, (Dkt. No. 14).  The Court reviewed the papers submitted and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Motion will be **GRANTED**.

## I.    PROCEDURAL HISTORY

On December 7, 2025, Plaintiff filed a complaint against defendants alleging non-payment for goods shipped to corporate defendant Gurme212 USA Inc.  (Dkt. No. 1).  Plaintiff filed an Amended Complaint on December 29, 2025.  (Dkt. No. 7).  Defendant moved to dismiss Plaintiff's Amended Complaint against him on January 28, 2026.  (Dkt. No. 9).  Plaintiff filed opposition on February 25, 2026.  (Dkt. No. 11).  Defendant filed a reply brief on March 9, 2026.

1

(Dkt. No. 14).

Through his Motion, Defendant seeks a dismissal of Plaintiff's Amended Complaint against him on the grounds that it fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), specifically, that the pleading impermissibly "lumps" defendants together and fails to allege any personal conduct, contract, or benefit received by Defendant individually.

## II.     FACTUAL BACKGROUND

Plaintiff, a Turkish corporation, brings this action arising out of the alleged nonpayment for goods sold and delivered in 2025.  *See* Amended Compl.  The Amended Complaint alleges that Plaintiff entered into agreements to sell goods to Defendant Gurme212 USA Inc., issued invoices, and shipped those goods pursuant to bills of lading and certificates of origin.  Am. Compl.  ¶¶ 8-16.  The pleading further alleges that "Defendants" collectively received goods totaling $124,494.28 but failed to remit payment.  (*Id.* ¶ 19.)

The Amended Complaint asserts claims for breach of contract, quantum meruit, account stated, and unjust enrichment against all defendants.  (*Id.* ¶¶ 21-43.)

As to Defendant Demirgil specifically, however, the Amended Complaint alleges only that he is an individual residing in New Jersey.  (*Id.* ¶ 3.)  All substantive allegations regarding the transactions at issue are directed at "Defendants" collectively.  *See*, *e.g.*, *id.* ¶¶ 19, 24, 30, 40.

The exhibits attached to the Amended Complaint, including invoices, certificates of origin and bills of lading, identify Gurme212 USA Inc. as the consignee and contracting party.  (*Id.* ¶¶ Exs. A-F).

Defendant Demirgil moves to dismiss, arguing that the Amended Complaint fails to allege

any personal conduct or basis for individual liability and instead relies on impermissible group pleading.   Plaintiff contends that it has plausibly alleged Demirgil's involvement and that dismissal is premature at this stage.   Defendant replies that the pleading is conclusory and contradicted by the exhibits.

### III.   LEGAL STANDARD

#### A.  Rule 12(b)(6)

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*   On a Rule 12(b)(6) motion, the Court must accept as true the well-pleaded facts of a complaint and any reasonable inference that may be drawn from those facts but need not credit conclusory statements couched as factual allegations.   *See id.*   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").   The issue before the Court on a Rule 12(b)(6) motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."   *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).   "[A] district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings."   *Id.* at 1426.   The Court, however, may properly consider documents that form the basis of a claim and documents that are "integral to or explicitly relied upon in the complaint."   *Id.* (citations omitted).

## IV.   DISCUSSION

### A.  Impermissible Group Pleading and Lack of Personal Involvement

The Court finds that the Amended Complaint fails to plead any plausible basis for individual liability against Defendant Demirgil.  The pleading repeatedly attributes conduct to "Defendants" collectively, such as ordering goods, receiving shipments, and failing to pay, without identifying any specific actions taken by Demirgil.  *See gen.* Amended Compl.

Such group pleading is insufficient under Rule 8.  *See Iqbal*, 556 U.S. at 678.  Here, the only individualized allegation concerning Defendant Demirgil is his residence.  (Am. Compl. ¶ 3).  The Amended Complaint does not allege that he negotiated any contract, made any individual representations, directed any particular conduct, or personally participated in the transactions at issue.

### B.  The Exhibits Contradict Allegations of Individual Liability

The deficiency is reinforced by the documents incorporated into the Amended Complaint. The invoices, certificates of origin, and bills of lading all identify Gurme212 USA Inc. as the buyer, consignee, and contracting party.  Am. Compl. Exs. A-F.  For example, the invoices ares addressed to Gurme212 USA Inc.  Exs. A, D.  The certificates of origin identify Gurme212 US Inc. as consignee.  Exs. B, E.  The bills of lading list Gurme212 USA Inc. as the recipient of the shipments.  Exs, C, F.  These documents directly contradict any inference that Defendant Demirgil was personally a party to the transactions.  Documents attached to or integral to the complaint may be considered on a Rule 12(b)(6) motion, and where such documents contradict the complaint's allegations, the documents control.  *In re Burlington*, 114 F.3d 1410 at 1426. Here, Plaintiff's conclusory allegations that "Defendants" collectively engaged in the transactions

4

at issue are directly undermined by its own exhibits which reflect only corporate dealings. Because the incorporated documents indeed contradict any inference of personal involvement by Defendant Demirgil, the Court finds that the Amended Complaint fails to state a plausible claim against him.

### C. Breach of Contract

The Amended Complaint alleges contracts with Gurme212 USA Inc., supported by invoices and shipping documents naming that same entity as the contracting party.  Under New Jersey law, corporate officers are not personally liable for corporate contracts absent a personal guarantee or veil-piercing.  *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 304 (2002).  The Amended Complaint pleads neither.  Accordingly, the Court finds that the breach of contract claim fails as to Defendant Demirgil.

### D. Quasi-Contract Claims

The claims for quantum meruit and unjust enrichment similarly fail.  These claims require that the defendant personally received and retained a benefit.  *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 437-438 (1992).  Here, the Amended Complaint alleges that "Defendants" received goods, but the attached exhibits show that the goods were shipped to and invoiced to Gurme212 USA Inc.  Because no facts plausibly allege that Defendant Demirgil personally received any benefit, the Court finds that these claims also fail against him.

### E. Account Stated

An account stated claim requires a debtor-creditor relationship and assent to the stated balance.  *Johnson & Johnson v. Charmley Drug Co.*, 11 N.J. 526, 538-39 (1953).  The Amended Complaint alleges invoices rendered to "Defendants", but ties those invoices to Gurme212 USA

5

Inc.   Absent allegations that Defendant Demirgil personally received or assented to any statement of account, this claim also fails.

### F.  Leave to Amend

Finally, the Court considers whether dismissal should be with prejudice.

Under Third Circuit precedent, leave to amend should be freely granted unless amendment would be unfairly prejudicial or futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Here, the Amended Complaint fails to allege any facts supporting individual liability against Defendant Demirgil and instead relies on impermissible group pleading.   However, the Court cannot conclude at this stage that amendment would necessarily be futile.   Plaintiff may be able to allege additional facts, if they exist, regarding Defendant Demirgil's personal involvement.

Accordingly, dismissal will be without prejudice, and Plaintiff will be granted leave to file an amended complaint within a reasonable time.

### V.     CONCLUSION

For the reasons set forth above, Defendant Demirgil's Motion to Dismiss the Amended Complaint is **GRANTED**, and all claims against him are dismissed **without prejudice**.

An appropriate Order accompanies this Opinion.

/s/ Stanley R. Chesler
_____
STANLEY R. CHESLER, U.S.D.J.

Dated: March 26, 2026