<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| AYT DOGAL URUNLER TİC.LTD.STI., | : | **Civil Action No. 25-18258 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| GURME212 USA INC, LEVENT | : | |
| DEMIRGIL, MEHMET FADILLIOGLU, | : | |
| and MUSTAFA ASKINGUZEL, | : | |
| | : | |
| Defendant(s). | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court by way of Defendant Levent Demirgil's ("Defendant") Motion for Sanctions pursuant to Fed. R. Civ. P. 11(c)(2) (the "Motion"). (Dkt. No. 18). Plaintiff AYT Dogal Urunler Tic. Ltd. Sti. ("Plaintiff") opposed the motion, (Dkt. No. 20). Defendant filed a reply brief. (Dkt. No. 21). The Court reviewed the papers submitted and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Motion will be **GRANTED**.

## I.   PROCEDURAL HISTORY

On December 7, 2025, Plaintiff filed a complaint against defendants alleging non-payment for goods shipped to corporate defendant Gurme212 USA Inc. (Dkt. No. 1). Plaintiff filed an Amended Complaint on December 29, 2025. (Dkt. No. 7). Defendant moved to dismiss Plaintiff's Amended Complaint against him on January 28, 2026. (Dkt. No. 9). This Court granted the Motion to Dismiss on March 26, 2026 for failure to plead any individual liability

1

against Defendant.   (Dkt. No. 16).

Subsequently, on April 8, 2026, Defendant filed the instant Motion seeking sanctions against Plaintiff and/or its counsel.   ("Mot.") (Dkt. No. 18).   Through his Motion, Defendant seeks to impose sanctions for filing and maintaining frivolous, unsupported claims against him individually in the Original Complaint (Dkt. No. 1) and the Amended Complaint (Dkt. No. 7). Plaintiff filed opposition on April 17, 2026.   (Dkt. No. 20).   Defendant filed a reply on April 20, 2026.   (Dkt. No. 21).

## II.    FACTUAL BACKGROUND

Plaintiff, a Turkish corporation, brings this action arising out of the alleged nonpayment for goods sold and delivered in 2025.   *See* Amended Compl.   The Amended Complaint, filed December 29, 2025, alleges that Plaintiff entered into agreements to sell goods to Defendant Gurme212 USA Inc., issued invoices, and shipped those goods pursuant to bills of lading and certificates of origin.   Am. Compl.   ¶¶ 8-16.   The Amended Complaint asserts claims for breach of contract, quantum meruit, account stated, and unjust enrichment against all defendants.   (*Id.* ¶¶ 21-43.) The Amended Complaint added Mustafa Askin Guzel but added no new allegations or facts implicating Demırgil personally.   The Amended Complaint alleges only that Defendant Demirgil is an individual residing in New Jersey.   (*Id.* ¶ 3.)   All substantive allegations regarding the transactions at issue are directed at "Defendants" collectively.   *See*, *e.g.*, *id.* ¶¶ 19, 24, 30, 40.

On January 7, 2026, Defendant Demirgil's counsel transmitted to Plaintiff's counsel documentary proof of Demirgil's divestiture years prior to the 2025 transactions in December 2022 (Mot., Declaration of Steven C. DePalma, Esq. ¶ 4, Exs. A-D: Stock Purchase Agreement, Stock Cancellation Certificate, New Jersey corporate amendments removing him as officer/director,

bank records confirming no beneficial ownership).   Plaintiff failed to withdraw or amend curing

the claims against Defendant Demirgil.   Defendant filed a motion to dismiss Plaintiff's Amended

Complaint against him on January 28, 2026, (Dkt. No. 9), and this Court granted the motion to

dismiss on March 26, 2026 for failure to plead any individual liability against Defendant.   (Dkt.

No. 16).   Subsequently, on April 8, 2026, Defendant filed the instant Motion seeking sanctions

against Plaintiff and/or its counsel.   ("Mot.") (Dkt. No. 18).   Plaintiff filed opposition on April

17, 2026 ("Opp.") (Dkt. No. 20).   Defendant filed a reply brief.   ("Rep.") (Dkt. No. 21).

### III.    LEGAL STANDARD

Fed. R. Civ. P. 11(b) establishes that "[b]y presenting to the court a pleading, written

motion, or other paper" an attorney certifies that to the best of their "knowledge, information, and

belief, formed after an inquiry reasonable under the circumstances:" (1) it is not being presented

for any improper purpose, (2) the claims and legal contentions are warranted by existing law or by

a nonfrivolous argument for extension or modification of existing law; (3) the factual contentions

have evidentiary support or are likely to have evidentiary support; and (4) denials of factual

contentions are warranted on the evidence.   Fed. R. Civ. P. 11(b).   A "court may impose an

appropriate sanction on any attorney, law firm, or party" that violates or is responsible for the

violation of the certification requirements of Fed. R. Civ. P. 11(b).   Fed. R. Civ. P. 11(c)(1);

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

The legal standard for "evaluating conduct allegedly violative of Rule 11 is reasonableness

under the circumstances." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277 (3d Cir.

1991).   At a minimum, Fed. R. Civ. P. 11 requires "unambiguously that any signer must conduct

a 'reasonable inquiry' or face sanctions."   *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,

498 U.S. 533, 548 (1991).  *See also Lieb v. Topstone Indus.*, Inc., 788 F.2d 151, 157 (3d Cir. 1986) ("The signature of counsel on a pleading certifies that a reasonable investigation of the facts and a normally competent level of legal research support the presentation.").

## IV.    DISCUSSION

Defendant argues that the claims against Demirgil lack any legal or factual basis as Plaintiff failed to allege any personal acts by Demirgil individually, or actions that would pierce the veil. Mot. at 2-3.   Defendant further contends that the Complaint and Amended Complaint both incorrectly rely on impermissible group pleading, and such deficiencies rendered the claims against Demirgil frivolous from the outset.  *Id.*   Defendant argues that after receiving evidence showing Demirgil's divestiture prior to the alleged nonpayments in 2025, Plaintiff could have cured its claims, but Plaintiff's failure to do so violates Rule 11's ongoing duty.  *Id.* at 4.   This, according to Defendant, warrants sanctions that include a dismissal of claims against Demirgil with prejudice and reimbursement of reasonable attorney's fees/costs for defending the claims from inception to the instant Motion.  *Id.*

Plaintiff responds that Defendant improperly seeks to convert a pleading defect into Rule 11 sanctions.  Opp. at 7.   Plaintiff argues that the January 2026 materials provided by Defendant were relevant, but they were not dispositive, and under Rule 11, Plaintiff was not required to accept its adversary's pre-discovery submission as conclusively resolving the claims against Defendant. *Id.* at 8.  Plaintiff concedes that the materials may have supported Defendant's merits position, but they did not make it unreasonable for Plaintiff to maintain its claims pending further factual development.  *Id.*   Plaintiff also argues that the Court's March 26, 2026 Opinion forecloses Defendant's characterization of Plaintiff's claims as frivolous from filing because the Court held

that although Plaintiff had failed to plead enough facts to state a plausible claim against Demirgil, the Court still granted leave to amend, failing to find amendment futile.  *Id.*  Plaintiff contends that any deficiencies in its pleadings may be a justifiable basis for dismissal, but not for sanctions under Rule 11.  *Id.* at 9.  Plaintiff further contends that after receiving the materials from defense counsel, it sought tax documents that would show whether Demirgil had fully divested from the business, but Defendant refused to provide them, thus maintaining its claims was not frivolous but rather a reasonable effort to avoid dismissing a defendant prematurely.  *Id.*; Fed. R. Civ. P. 11(b)(3).

The Court's inquiry is not whether the initial filing was frivolous, but rather whether it was objectively reasonable for Plaintiff to maintain its claims after Defendant provided materials allegedly showing Demirgil's divestiture.  The Court concludes that it was not reasonable.

To determine whether a reasonable inquiry has been conducted, courts apply an objective standard of reasonableness under the circumstances, with reasonableness being understood as "an objective knowledge or belief at the time of filing of a challenged paper that the claim was well-grounded in law and fact." *Carlino v. Gloucester City High School*, 57 F.Supp.2d 1, 37 (D.N.J. 1999).

On January 7, 2026, Plaintiff was placed on notice by Defendant that Demirgil had no ownership interest or control in the company during the 2025 transactions that resulted in this action.  Mot., Declaration of Steven C. DePalma, Esq. ¶ 4.  Plaintiff was notified through various forms of documentary evidence documenting Demirgil's complete divestiture, including Stock Purchase Agreement transferring all shares (Mot. Ex. A), Stock Cancellation Certificate (Mot. Ex. B), New Jersey corporate amendments removing Demirgil as an officer and director (Mot. Ex. C),

and bank records confirming no beneficial ownership (Mot. Ex. D). This evidence directly undermined any claims raised by Plaintiff that Defendant could be liable for the causes of actions asserted in the Complaint and Amended Complaint. Once Plaintiff was placed on notice of the same, Plaintiff had the obligation to conduct a reasonable reassessment of its claims, and cure any defects in the claims if Plaintiff realized they were not viable. Plaintiff failed to do so. Instead, Plaintiff did not amend its claims and rather continued to defend them in its response to Defendant Demirgil's January 28, 2026 Motion to Dismiss.

Notably, at no point in either Plaintiff's Opposition to the instant Motion (Dkt. No. 20), or in its opposition to Defendant's Motion to Dismiss (Dkt. No. 11), does Plaintiff allege that it conducted any investigation. Plaintiff's Opposition to the Motion to Dismiss reiterates its assertion that Defendant Demirgil "personally participated in, directed, and benefitted from the transactional conduct giving rise to Plaintiff's claims" but evidenced no investigation into the same, instead arguing that "discovery is the proper mechanism to determine the extent of Mr. Demrigil's personal participation, authority, and benefit." (Dkt. No. 11 at 4). Plaintiff is correct that the Court's March 26, 2026 Opinion granting Defendant's Motion to Dismiss was granted without prejudice, allowing Plaintiff the opportunity to amend its Amended Complaint to adequately plead Demirgil's individual participation in the claims asserted. (Dkt. No. 16). However, rather than curing those deficiencies or alleging that it conducted a reasonable inquiry to support its allegations, Plaintiff elected to maintain its allegations against Defendant Demirgil that again remain unsupported by any reasonable investigation.

Further, in Plaintiff's Opposition to the instant Motion, Plaintiff again tries to rely on discovery as a means for further factual development to support its claims against Defendant

6

Demirgil.   Opp. at 8.   Plaintiff's argument fails to recognize its own obligation under Rule 11(b) first requires that by submitting a filing to the Court, an attorney certifies that its knowledge "formed *after* an inquiry" will likely have evidentiary support after discovery.   Fed. R. Civ. P. 11(b)(3).   Plaintiff attempts to defer its obligation to conduct a reasonable factual investigation inquiry by waiting until discovery to ensure that its claims are well grounded in fact.   *See Cooter & Gell,* 496 U.S. at 393 ("Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact… An attorney who signs the paper without such a substantiated belief shall be penalized by an appropriate sanction.")

On April 8, 2026, Plaintiff was put on notice of Defendant's plan to file the instant motion pursuant to the safe harbor provision of Rule 11(c)(2), giving Plaintiff another three weeks to withdraw or correct the claims.   Thus, from January 7, 2026, when the divestiture materials were provided, to plausibly April 29, 2026, when Plaintiff's time to cure under the Rule 11(c)(2) would expire, Plaintiff effectively had 3 months and 22 days to conduct a reasonable inquiry into Demirgil's status with the company.   However, Plaintiff failed to conduct such inquiry, and has failed to even allege that it has done the same.   Instead, Plaintiff has maintained its position and has continued to litigate despite clear demonstration by Demirgil of his divestiture from the company.

As to Plaintiff's argument that it attempted to conduct a reasonable inquiry by seeking tax records to substantiate Defendant's claims, the Court is not convinced.   As Defendant correctly points out, the materials provided by Defendant in January 2026 were clear and conclusive in establishing Demirgil's divestiture.   Rep. at 7-8.   The Court finds Plaintiff's continuation of its

claims as is despite being provided evidence clearly undermining the same to be objectively unreasonable and violative of Rule 11(b).

Having found a Rule 11(b) violation, the Court may impose a sanction. Fed. R. Civ. P. 11(c)(2). Further, "a sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct." Fed. R. Civ. P. 11(c)(4).

The Court recognizes that attorney's fees are the least favored sanction. Nevertheless, where Defendant has done everything that could have been done to show why Plaintiff needed to cure its claims, Plaintiff's continued opposition warrants the award of sanctions. Thus, the Court finds that an award of reasonable attorney's fees incurred after Defendant Demirgil filed his motion to dismiss, including the instant Motion and Reply Brief, is appropriate. Defendant Demirgil shall submit to the Court all information concerning the same within fourteen (14) days of this Order.

Further, since Plaintiff still has failed to allege any facts supporting its individual claims against Defendant Demirgil, Defendant Demirgil's request for dismissal with prejudice is **GRANTED**.

## V.    CONCLUSION

For the reasons set forth above, Defendant Demirgil's Motion for Sanctions is **GRANTED**.

All claims against Defendant Demirgil are **DISMISSED with prejudice.**

An appropriate Order accompanies this Opinion.


/s/ Stanley R. Chesler
_____
STANLEY R. CHESLER, U.S.D.J.

Dated: April 27, 2026

8